1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**
                                **DISTRICT OF NEVADA**
7

8    MARIAN AUSIELLO,                         )
                                              )
9              Petitioner,                    )         2:12-cv-00316-KJD-CWH
                                              )
10   vs.                                      )
                                              )                ORDER
11   CAROLYN MYLES, *et al.,*                 )
                                              )
12   _____Respondents._____   )

13          The petitioner has presented the Court with a motion for appointment of counsel (ECF

14   No. 2) and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1).

15          There is no constitutional right to appointed counsel for a federal habeas corpus

16   proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428

17   (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d

18   1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234

19   (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities

20   of the case are such that denial of counsel would amount to a denial of due process, and where the

21   petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See

22   *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in

23   this case are not especially complex. Petitioner's motion shall be denied.

24          The face of the petition raises questions as to whether or not it must be dismissed as

25   untimely. Petitioner indicates that the appeal of her post-conviction petition was entered on January 13,

26

1  2011, but that she did not submit the instant federal petition until February 22, 2012.  Petition, Items 4

2  and 5.

3       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

4  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

5  filed after the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d

6  1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The conviction under attack

7  by the petitioner was filed on June 15, 2004, and thus, it is subject to the provisions of the AEDPA.

8       The AEDPA imposes a one year period of limitation on petitioners seeking to file a

9  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

10  subdivision (d) reads:

11       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

12  judgment of a State court.  The limitation period shall run from the latest of –

13

14       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

15

16       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

17  from filing by such State action;

18       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

19  recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

20

21       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

22

23       (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

24  of limitation under this subsection.

25

26

1    There is nothing in the petition to indicate that petitioner had any properly filed application

2  for State post-conviction or other collateral review pending at which would have tolled the one

3  limitations period.  However, before the Court dismisses the petition as untimely, the parties shall be

4  given an opportunity to present arguments in support of their positions related to the timeliness of the

5  petition.  *Herbst v. Cook*, 260 F.3d 1039, 1041-42 (9th Cir.2001)(indicating that once a petitioner is

6  given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal

7  pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate

8  response).

9    Petitioner must explain why the petition is timely, either by showing that she had some state

10  court action pending during the time which stopped the clock or by demonstrating that there was some

11  good cause that prevented her from bringing her federal petition within the one-year period.  If she is

12  unable to make the necessary showing or if respondents demonstrate that the petition was untimely and

13  there was not good cause for the delay, the petition will be dismissed with prejudice.

14    **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (ECF

15  No. 2) is **denied**.

16    **IT IS FURTHER ORDERED** that the Clerk shall **DETACH AND FILE** and then

17  **ELECTRONICALLY SERVE** the petition (ECF No. 1-1) upon the respondents.

18    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to show cause why

19  her petition should not be dismissed as untimely.

20    **IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** thereafter within

21  which to respond to petitioner's arguments and petitioner shall have **fifteen (15) days** to reply.

22    **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney

23  General of the State of Nevada a copy of every pleading, motion, or other document he submits for

24  consideration by the Court.  Petitioner shall include with the original paper submitted for filing a

25  certificate stating the date that a true and correct copy of the document was mailed to the Attorney

26

3

General.  The Court may disregard any paper that does not include a certificate of service.  After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

March 16, 2012.

_____
UNITED STATES DISTRICT JUDGE

4