1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
7

8   MARIAN AUSIELLO,                       )
                                           )
9                    Petitioner,           )        2:12-cv-00316-KJD-CWH
                                           )
10  vs.                                    )
                                           )        ORDER
11  CAROLYN MYLES, *et al.,*               )
                                           )
12                   Respondents.          )
    _____)
13
            This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
14
    Before the Court are petitioner's and respondents' briefs (ECF Nos. 8 and 9) addressing the Court's
15
    Order to Show Cause why the petition should not be dismissed as untimely.  The Court has reviewed
16
    the briefs and, based upon the arguments contained therein and the law applicable to the issue, and as
17
    discussed below, finds that the petition is untimely, that petitioner is not entitled to equitable tolling
18
    and the petition must be dismissed.
19
    **I.      Procedural History**
20
            As noted by respondents, this case presents a somewhat convoluted procedural
21
    history.  Petitioner was charged with two felonies; one count of Trafficking in a Schedule I
22
    Controlled Substance and with one count of Possession of a Controlled Substance in November
23
    2005.  Exhibit 10.[1]  Early in the case, petitioner filed a state petition for writ of habeas corpus raising
24
    challenges to the preliminary hearing and to a pre-arrest search.  Exhibit 12.  After a hearing on the
25

26          [1] The exhibits referenced in this Order were submitted by respondents in support of their Response to
    Order to Show Cause and are found in the docket at ECF Nos. 10-16.

1   petition, the trial court dismissed the petition on January 31, 2006.  Exhibits 26 and 28.  In an

2   attempt to appeal the dismissal, petitioner filed a petition for writ of mandamus with the Nevada

3   Supreme Court.  The petition was denied.  Exhibit 48.

4         The Information was amended three times, until it reverted to its original form on

5   June 19, 2006.  Cf. Exhibits 57 and 10.   Soon thereafter, petitioner entered into a guilty plea

6   agreement in which she agreed to plead guilty to one count of high level trafficking in

7   methamphetamine.  Exhibit 58.  In the negotiations, the State agreed to dismiss all other charges

8   arising in the matter in addition to other charges pending in justice court.  *Id.*  Petitioner was

9   sentenced on September 12, 2006, to ten to twenty-five years in prison and a Judgment of Conviction

10  was entered September 15, 2006.  Exhibits 63 and 64.

11        An appeal of the conviction was filed resulting in the matter being remanded to the

12  state court for consideration of petitioner's motion to withdraw her guilty plea and her claims of

13  substantial assistance in mitigation of the sentence.  Exhibit 70.  On remand, the state trial court

14  conducted an evidentiary hearing and subsequently denied the motion to withdraw the guilty plea.

15  Exhibit 73.  Additionally, the court found that petitioner had not provided substantial assistance to

16  the State.  *Id.* at 44-46.

17        Petitioner immediately appealed the trial court's ruling without the assistance of

18  counsel.  Exhibit 74.  However, the Nevada Supreme Court entered an order for petitioner's former

19  counsel to show cause why the appeal should not be dismissed for lack of jurisdiction.  Exhibit 78.

20  Ultimately, the court found the appeal to be premature and dismissed it on June 9, 2008.  Exhibit 96.

21  While this appeal was still pending, petitioner filed a proper person petition for writ of habeas

22  corpus.  Exhibit 79.  The state district court later dismissed the petition without prejudice on

23  petitioner's motion.  Exhibits 97 and 99.

24        As a result of the Nevada Supreme Court's order on petitioner's direct appeal,

25  petitioner, appearing with counsel, was resentenced to the same term of ten to twenty-five years.

26

1   Exhibit 90.  The amended judgment of conviction was entered on March 20, 2008.  Exhibit 91.

2   Petitioner appealed once again.  Exhibit 93. The resentencing was affirmed by the Nevada Supreme

3   Court on April 15, 2009.  Exhibit 102.  At that point, counsel was permitted to withdraw.  Exhibit

4   106.

5           Petitioner attempted to initiate a second post-conviction proceeding in May of 2009,

6   but the petition was rejected by the court because she had failed to sign it.  Exhibit 107.  She tried to

7   commence the action again in June 2009 by filing an application to proceed in forma pauperis and a

8   motion for counsel.  Exhibit 108 and 109.  She did not file a petition, however.  *See* Exhibit 110.

9   The petition was filed on July 6, 2009.  Exhibit 111.  After a motion to dismiss by respondents, the

10  trial court dismissed the petition on October 23, 2009.  Exhibit 118.  An appeal of this decision was

11  unsuccessful and the matter concluded on January 4, 2010, on the issuance of the remittitur.   Exhibit

12  134.

13          Petitioner initiated this action on February 22, 2012, when she mailed the petition to

14  the Court.  ECF No. 6 at 1.  After an initial review, the Court directed the parties to show cause why

15  the petition should not (or should) be considered untimely.  The parties' response to that Order to

16  Show Cause inform this order.

17  **II.      Discussion**

18          A.      Timeliness

19          The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes

20  controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of

21  federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute

22  provides:

23          (d)(1) A 1-year period of limitation shall apply to an application
            for a writ of habeas corpus by a person in custody pursuant to the
24          judgment of a State court.  The limitation period shall run from
            the latest of–

25

26

3

1        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time
2        for seeking such review;

3        (B) the date on which the impediment to filing an application created by State action in violation of the
4        Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

6        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made
7        retroactively applicable to cases on collateral review; or

8        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the
9        exercise of due diligence.

10       (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the
11       pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

12
28 U.S.C. § 2244(d).

13
       B.     Calculating Time

14
       The Ninth Circuit Court of Appeals has held that the "time for seeking direct review"

15
under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a

16
petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13,

17
whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th

18
Cir. 1999).   In this case, petitioner's original direct appeal was final on the date the court entered its

19
order of affirmance on her appeal from the resentencing - April 15, 2009.  The statute of limitations

20
began to run ninety days later, when the time to seek review by the United States Supreme Court

21
expired.  That date is July 14, 2009.

22
       The one-year period was tolled when petitioner had a properly filed post-conviction

23
petition filed with the state court.  That occurred on July 6, 2009, a week before the expiration of the

24
time to seek certiorari from the United States Supreme Court.  Thus, petitioner did not use any of her

25
one-year period between the direct appeal and the post-conviction proceedings.  However, she did

26

1  expire more than one year between the end of her post-conviction proceedings on January 4, 2010,

2  until she handed her federal petition to prison officials for mailing on February 22, 2012.  *See*

3  *Gonzales v. State of Nevada*, 118 Nev. 590, 53 P.2d 901, 901-03 (2002); *see also Glauner v. State*,

4  107 Nev. 482, 813 P.2d 1001 (1991) (The triggering date for the commencement of the AEDPA

5  limitations period is the Nevada Supreme Court's *issuance* of the remittitur, rather than the date it is

6  received in the district court, or filed in the Nevada Supreme Court.)

7          C.      Equitable Tolling

8          In addition to the statutory tolling outlined in 28 U.S.C. § 2244(d)(2), the AEDPA

9  limitations period is subject to equitable tolling. *Holland v. Florida,* 130 S.Ct. 2549, 2560 (2010);

10  *see also Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997),

11  *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530

12  (9th Cir. 1998).  Equitable tolling is available only "if extraordinary circumstances beyond a

13  prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

14          The petition, which was filed more than two years after the post-conviction

15  proceedings were completed, is untimely and must be dismissed unless petitioner is able to show that

16  she is entitled to equitable tolling of that one-year period.[2]  In her response to the Order to Show

17  Cause, petitioner suggests that her ignorance of the law and her inability to obtain help or to

18  determine and follow the procedural rules of the court should excuse her late filing.  ECF No. 8 at 4.

19  The Ninth Circuit has held that claims of ignorance of the law and illiteracy are insufficient to justify

20  equitable tolling.  *See, e.g., Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th

21  Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to

22  establish cause); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state

23

24      [2] Petitioner notes that she attempted to bring an action in this Court in 2010.  *See* #:10-cv-00383-LRH-VPC.  However, taking judicial notice of the its own docket, the Court notes that this action was dismissed as improper, where the documents filed were a notice of appeal of the state court's decision with no initiating

25  pleading or petition.  *Id.*  That attempt did not offer any statutory tolling because it was not a properly filed petition.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005).

26

1   law not cause); *See, also, Marsh v. Soares*, 223 F.2d 1217, 1220 (10th Cir. 2000); *Fisher v. Johnson*,

2   174 F.3d 710 (5th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).  As this is her only

3   argument, the petition will be dismissed.

4   **III.     Conclusion**

5          The petition was filed more than two years after the finalization of petitioner's state

6   court collateral proceedings.  It is untimely.  Petitioner cannot demonstrate that she is entitled to

7   equitable tolling of the limitations period because her ignorance of the law is not an "extraordinary

8   circumstances beyond [her] control mak[ing] it impossible to file a petition on time."  *Beeler*, 128

9   F.3d at 1288.  The petition must be dismissed.

10         Should petitioner wish to appeal this decision, she must receive a certificate of

11   appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

12   F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

13   2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

14   right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

15   U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

16   district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529

17   U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

18   that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

19   or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

20         Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

21   Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

22   the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

23   notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

24   considered the issues raised by petitioner, with respect to whether they satisfy the standard for

25

26

1  issuance of a certificate of appealability, and determines that none meet that standard.  The Court

2  will therefore deny petitioner a certificate of appealability.

3            **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (ECF

4  No. 6) is **DISMISSED WITH PREJUDICE** as untimely.  No certificate of appealability shall issue

5  in this case.

6          The Clerk shall enter judgment accordingly.

7          DATED: June 28, 2012

8

9                                      _____

                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26